# EXHIBIT "A"

## Case Description

| | |
|---|---|
| **Case ID:** | 210300489 |
| **Case Caption:** | KROMER ETAL VS VEOLIA ES CHESTNUT VALLEY LANDFILL |
| **Filing Date:** | Thursday , March 04th, 2021 |
| **Court:** | MAJOR JURY-STANDARD |
| **Location:** | City Hall |
| **Jury:** | JURY |
| **Case Type:** | PERSONAL INJURY - OTHER |
| **Status:** | LISTED FOR CASE MGMT CONF |

## Related Cases

*No related cases were found.*

## Case Event Schedule

| Event | Date/Time | Room | Location | Judge |
|---|---|---|---|---|
| CASE MANAGEMENT CONFERENCE | 04-JUN-2021 09:00 AM | City Hall | Case Management Center, Rm 613 | *unassigned* |

## Case motions

*No case motions were found.*

## Case Parties

| Seq # | Assoc | Expn Date | Type | Name |
|---|---|---|---|---|
| 1 | | | ATTORNEY FOR PLAINTIFF | SHERRY JR,, DANIEL J |
| **Address:** | EISENBERG ROTHWEILER WINKLER EISENBERG & JECK PC 1634 SPRUCE STREET PHILADELPHIA PA 19103 (215)546-6636 daniel@erlegal.com | **Aliases:** | *none* | |
| | | | | |
| 2 | 1 | | ADMINISTRATOR - PLAINTIFF | KROMER, THOMAS PAUL |
| **Address:** | 135 FACTORY ROAD EAST MILLSBORO PA 15433 | **Aliases:** | *none* | |

| 3 | | | DEFENDANT | CHESTNUT VALLEY LANDFILL LLC |
|---|---|---|---|---|
| **Address:** | 1192 MCCLELLANDTOWN ROAD MCCLELLANDTOWN PA 15458 | **Aliases:** | VEOLIA ES CHESTNUT DBA SII VALLEY LANDFALL INC | |

| 4 | | | DEFENDANT | ONYX CHESTNUT VALLEY LANDFILL INC |
|---|---|---|---|---|
| **Address:** | 1192 MCCLELLANDTOWN ROAD MCCLELLANDTOWN PA 15458 | **Aliases:** | *none* | |

| 5 | | | DEFENDANT | CHESTNUT VALLEY LANDFILL LLC |
|---|---|---|---|---|
| **Address:** | 1192 MCCLELLANDTOWN ROAD MCCLELLANDTOWN PA 15458 | **Aliases:** | ONYX CHESTNUT VALLEY DBA SII LANDFILL INC | |

| 6 | | | DEFENDANT | CHESTNUT VALLEY LANDFILL LLC |
|---|---|---|---|---|
| **Address:** | 1192 MCCLELLANDTOWN ROAD MCCLELLANDTOWN PA 15458 | **Aliases:** | VEOLIA ES SOLID WASTE OF PA INC DBA SII OF PA, INC. | |

| 7 | 1 | | ADMINISTRATRIX - PLAINTIFF | MORRIS, SANDRA KAY |
|---|---|---|---|---|
| **Address:** | 135 FACTORY ROAD EAST MILLSBORO PA 15433 | **Aliases:** | *none* | |

| 8 | | | DEFENDANT | VEOLIA ES CHESTNUT VALLEY LANDFILL INC |
|---|---|---|---|---|
| **Address:** | 1192 MCCLELLANDTOWN | **Aliases:** | *none* | |

| | | | | |
|---|---|---|---|---|
| | ROAD<br>MCCLELLANDTOWN PA<br>115458 | | | |

| | | | | |
|---|---|---|---|---|
| 9 | | | DEFENDANT | VEOLIA ES SOLID WASTE<br>OF PA INC |
| **Address:** | 1192<br>MCCLELLANDTOWN<br>ROAD<br>MCCLELLANDTOWN PA<br>15458 | **Aliases:** | *none* | |

| | | | | |
|---|---|---|---|---|
| 10 | | | DEFENDANT | VEOLIA ES SOLID WASTE<br>OF PA INC |
| **Address:** | 1192<br>MCCLELLANDTOWN<br>ROAD<br>MCCLELLANDTOWN PA<br>15458 | **Aliases:** | VEOLIA ES CHESTNUT VALLEY LANDFALL INC<br>DBA SII<br>VALLEY LANDFALL INC. | |

| | | | | |
|---|---|---|---|---|
| 11 | | | DEFENDANT | VEOLIA NORTH AMERICA<br>LLC |
| **Address:** | 53 STATE STREET<br>14TH FLLOR<br>BOSTON MA 02109 | **Aliases:** | *none* | |

| | | | | |
|---|---|---|---|---|
| 12 | | | DEFENDANT | VEOLIA NORTH AMERICA<br>LLC |
| **Address:** | 53 STATE STREET<br>14TH FLOOR<br>BOSTON MA 02109 | **Aliases:** | VEOLIA ES CHESTNUT VALLEY LANDFILL INC<br>DBA SII<br>LANDFILL, INC. | |

| | | | | |
|---|---|---|---|---|
| 13 | | | DEFENDANT | VEOLIA NORTH AMERICA<br>LLC |
| **Address:** | 53 STATE STREET<br>14TH FLOOR<br>BOSTON MA 02109 | **Aliases:** | VEOLIA ES SOLID WASTE OF PA INC DBA SII<br>OF PA, INC. | |

| | | | | |
|---|---|---|---|---|
| 14 | | | DEFENDANT | CHESTNUT VALLEY<br>LANDFILL LLC |
| **Address:** | 1192<br>MCCLELLANDTOWN<br>ROAD | **Aliases:** | *none* | |

| | MCCLELLANDTOWN PA 15458 | | | |
|---|---|---|---|---|
| 15 | | | TEAM LEADER | ANDERS, DANIEL J |
| **Address:** | 529 CITY HALL PHILADELPHIA PA 19107 | **Aliases:** | *none* | |

## Docket Entries

| Filing Date/Time | Docket Type | Filing Party | Disposition Amount | Approval/ Entry Date |
|---|---|---|---|---|
| 04-MAR-2021 04:34 PM | ACTIVE CASE | | | 04-MAR-2021 06:42 PM |
| **Docket Entry:** | E-Filing Number: 2103010396 | | | |
| | | | | |
| 04-MAR-2021 04:34 PM | COMMENCEMENT CIVIL ACTION JURY | SHERRY JR,, DANIEL J | | 04-MAR-2021 06:42 PM |
| **Documents:** | Click link(s) to preview/purchase the documents Final Cover | Click HERE to purchase all documents related to this one docket entry | | |
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 04-MAR-2021 04:34 PM | COMPLAINT FILED NOTICE GIVEN | SHERRY JR,, DANIEL J | | 04-MAR-2021 06:42 PM |
| **Documents:** | Click link(s) to preview/purchase the documents Complaint.pdf | Click HERE to purchase all documents related to this one docket entry | | |
| **Docket Entry:** | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED. | | | |
| | | | | |
| 04-MAR-2021 04:34 PM | JURY TRIAL PERFECTED | SHERRY JR,, DANIEL J | | 04-MAR-2021 06:42 PM |
| **Docket Entry:** | 12 JURORS REQUESTED. | | | |
| | | | | |
| 04-MAR-2021 04:34 PM | WAITING TO LIST CASE MGMT CONF | SHERRY JR,, DANIEL J | | 04-MAR-2021 06:42 PM |
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 02-APR-2021 | PRAECIPE TO REINSTATE | SHERRY JR,, | | 05-APR-2021 |

| 12:18 PM | CMPLT | DANIEL J | | 11:02 AM |
|---|---|---|---|---|
| **Documents:** | 📄 Click link(s) to preview/purchase the documents<br>Praecipe to Reinstate Complaint 4.2.21.pdf<br>Complaint.pdf | | 🛒 **Click HERE to purchase all documents related to this one docket entry** | |
| **Docket Entry:** | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 REINSTATED. (FILED ON BEHALF OF SANDRA KAY MORRIS AND THOMAS PAUL KROMER) | | | |
| | | | | |
| 29-APR-2021<br>12:43 PM | PRAECIPE TO REINSTATE CMPLT | SHERRY JR,,<br>DANIEL J | | 30-APR-2021<br>06:43 AM |
| **Documents:** | 📄 Click link(s) to preview/purchase the documents<br>Praecipe to Reinstate Complaint 4.29.21.pdf | | 🛒 **Click HERE to purchase all documents related to this one docket entry** | |
| **Docket Entry:** | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 REINSTATED. (FILED ON BEHALF OF SANDRA KAY MORRIS AND THOMAS PAUL KROMER) | | | |
| | | | | |
| 03-MAY-2021<br>03:11 PM | LISTED FOR CASE MGMT CONF | | | 03-MAY-2021<br>03:11 PM |
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 05-MAY-2021<br>12:30 AM | NOTICE GIVEN | | | 05-MAY-2021<br>12:30 AM |
| **Docket Entry:** | *none.* | | | |

▶ Case Description    ▶ Related Cases    ▶ Event Schedule    ▶ Case Parties    ▶ Docket Entries

[ E-Filing System ]    [ Search Home ]

# EXHIBIT "B"

{W0363396.1}

**EISENBERG, ROTHWEILER,**
**WINKLER EISENBERG & JECK, P.C.**
BY:    Nancy J. Winkler, Esquire
          Daniel J. Sherry, Jr. Esquire
ATTORNEY I.D. Nos: 49465/201515
1634 Spruce Street
Philadelphia, PA 19103
(215) 546-6636

Attorneys for Plaintiffs



Filed and Attested by the
Office of Judicial Records
04 MAR 2021 04:34 pm
S. RICE

---

**THOMAS PAUL KROMER and SANDRA**    :
**KAY MORRIS, Both Individually**    :
**and as the Administrators of the**    :
**ESTATE OF ZACHARY KROMER, Deceased**    :
135 Factory Road    :
E. Millsboro, PA 15433    :
   :
     v.    :
   :
**VEOLIA ES CHESTNUT VALLEY**    :
**LANDFILL, INC.**    :
1192 McClellandtown Road    :
McClellandtown, PA 15458    :
     and    :
**VEOLIA ES SOLID WASTE OF PA, INC.**    :
1192 McClellandtown Road    :
McClellandtown, PA 15458    :
     and    :
**VEOLIA ES SOLID WASTE OF PA, INC.**    :
d/b/a and/or Successor-in-Interest to **VEOLIA**    :
**ES CHESTNUT VALLEY LANDFILL, INC.**    :
1192 McClellandtown Road    :
McClellandtown, PA 15458    :
     and    :
**VEOLIA NORTH AMERICA, LLC**    :
53 State Street, 14th Floor    :
Boston, Massachusetts 02109    :
     and    :
**VEOLIA NORTH AMERICA, LLC** d/b/a and/    :
or Successor-in-Interest to **VEOLIA**    :
**ES CHESTNUT VALLEY LANDFILL, INC.**    :
53 State Street, 14th Floor    :
Boston, Massachusetts 02109    :
     and    :
**VEOLIA NORTH AMERICA, LLC** d/b/a and/    :
or Successor-in-Interest to **VEOLIA ES SOLID**    :
**WASTE OF PA, INC.**    :
53 State Street, 14th Floor    :

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

MARCH TERM, 2021

NO. _____

**COMPLAINT**

**JURY TRIAL DEMANDED**

Case ID: 210300489

Boston, Massachusetts 02109                            :
        and                                         :
**CHESTNUT VALLEY LANDFILL, LLC**                      :
1192 McClellandtown Road                               :
McClellandtown, PA 15458                               :
        and                                         :
**CHESTNUT VALLEY LANDFILL, LLC**                      :
d/b/a and/or Successor-in-Interest to **VEOLIA**       :
**ES CHESTNUT VALLEY LANDFILL, INC.**                  :
1192 McClellandtown Road                               :
McClellandtown, PA 15458                               :
        and                                         :
**ONYX CHESTNUT VALLEY LANDFILL,**                     :
**INC.**                                               :
1192 McClellandtown Road                               :
McClellandtown, PA 15458                               :
        and                                         :
**CHESTNUT VALLEY LANDFILL, LLC**                      :
d/b/a and/or Successor-in-Interest to **ONYX**         :
**CHESTNUT VALLEY LANDFILL, INC.**                     :
1192 McClellandtown Road                               :
McClellandtown, PA 15458                               :
        and                                         :
**CHESTNUT VALLEY LANDFILL, LLC**                      :
d/b/a and/or Successor-in-Interest to **VEOLIA**       :
**ES SOLID WASTE OF PA, INC.**                         :
1192 McClellandtown Road                               :
McClellandtown, PA 15458                               :
        and                                         :
**DEFENDANTS JOHN DOE 1-10**                           :
**(Presently Incapable of Being Identified but**       :
**To be Identified Company or Companies**              :
**Retained and/or Otherwise Utilized by the**          :
**Specifically-Named Defendants**                      :
**to Install, Inspect, Maintain, Renovate, Repair,**   :
**Monitor, Oversee, and Supervise for Safety**         :
**Purposes The Gate Located at the Driveway**          :
**Utilized for The Entrance and Exit for the**         :
**Facility Located At or Near 1184**                   :
**McClellandtown Road in McClellandtown, PA**          :
                                                  :

2

Case ID: 210300489

## NOTICE TO DEFEND

### "NOTICE

"You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you buy the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

"YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.  THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.  IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE

**LAWYER REFERRAL SERVICE**
**One Reading Center**
**1101 Market Street**
**Philadelphia, Pennsylvania  19107**
**(215) 238-6333**

### "AVISO

"Le han demandado a usted en la corte.  Si, usted quiere defenderse de estas demandas expuetas en las páginas siguientes, usted tiene veinte (20) días de plazo al partir de la fecha de la demanda y la notificacion.  Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación.  Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con tadas las provisiones de esta demanda.  Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

"LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTA.  SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.  ESTA OFICINA PUEDE PROPORCIONARLE LA INFORMACION SOBRE CONTRATAR A UN ABOGADO. SI USTED NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE INFORMACION SOBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES A PERSONAS QUE CUMPLEN LOS REQUISITOS PARA UN HONORARIO REDUCIDO O NINGUN HONORARIO."

**SERVICIO DE REFERENCIA LEGAL**
**One Reading Center**
**1101 Market Street**
**Filadelfia, Pennsylvania  19107**
**Teléfono (215) 238-6333**

## COMPLAINT – NEGLIGENCE/PREMISES LIABILITY

Plaintiffs Thomas Paul Kromer and Sandra Kay Morris, both individually and as the Administrators of the Estate of Zachary Kromer, by and through their attorneys, file this Complaint against Defendants Veolia ES Chestnut Valley Landfill, Inc., Veolia ES Solid Waste of PA, Inc. Veolia ES Solid Waste of PA, Inc. d/b/a and/or Successor-in-Interest to Veolia ES Chestnut Valley Landfill, Inc., Veolia North America, LLC, Veolia North America, LLC d/b/a and/or Successor-in-Interest to Veolia ES Chestnut Valley Landfill, Inc., Veolia North America, LLC d/b/a and/or Successor-in-Interest to Veolia ES Solid Waste of PA, Inc., Chestnut Valley Landfill, LLC,

Case ID: 210300489

Chestnut Valley Landfill, LLC d/b/a and/or Successor-in-Interest to Veolia ES Chestnut Valley

Landfill, Inc., Onyx Chestnut Valley Landfill, Inc, Chestnut Valley Landfill, LLC d/b/a and/or

Successor-in-Interest to Onyx Chestnut Valley Landfill, Inc., Chestnut Valley Landfill, LLC d/b/a

and/or Successor-in-Interest to Veolia ES Solid Waste of PA, Inc. (with all of the aforementioned

parties being designated, hereinafter collectively, as "The Veolia Defendants") and Defendants

John Doe 1-10 (currently incapable of being specifically identified company or companies that

were retained and/or otherwise utilized by the Veolia Defendants to install, inspect, maintain,

renovate, repair, monitor, oversee and supervise for safety purposes the gate located at the

driveway utilized for the entrance and exit for the facility located at or near 1184 McClellandtown

Road in McClellandtown, Pennsylvania)[1] and in support thereof, states as follows:

## I.
## THE PARTIES

1.      Plaintiffs, who bring this claim both individually and as the Administrators of the

Estate of their deceased son, Zachary Kromer (hereinafter referred to as "Plaintiff-decedent") are

adult citizens and residents of the Commonwealth of Pennsylvania and at all material times

Plaintiff Thomas Paul Kromer resided at the address set forth in the Caption.

2.      All of the party-defendants are alleged by Plaintiffs to be joint tortfeasors.

3.      The Veolia Defendants are domestic Pennsylvania business entities which may be

lawfully served with process at the addresses set forth in the Caption, with the exception of

Defendant Veolia North America, LLC which is a foreign company that may be served at the

address set forth in the Caption.

4.      Upon information and belief, the Veolia Defendants regularly conduct business in

---

[1] The specific sub-address for the location of the gate is based upon the location provided in the official
Pennsylvania police incident report.

Case ID: 210300489

Philadelphia County.

5.      By way of example, Defendant Veolia North America, LLC has a specific business address in Philadelphia County which occupies five (5) acres and, "Houses over 50 employees". See, e.g., https://www.veolianorthamerica.com/contact-us/find-office/philadelphia-pa-hedley-street

6.      Moreover, to the extent any of the other Veolia Defendants, or any of the John Doe Defendants contend that they do not regularly conduct business in Philadelphia County, they are nevertheless subject to venue in Philadelphia County due to the fact that at least one of their joint tortfeasors (namely, Defendant Veolia North America, LLC) is clearly subject to venue in Philadelphia County, pursuant to Zappala v. Brandolini Prop. Mgmt., 589 Pa. 516, 531-532, 909 A.2d 1272, 1280-1281, 2006 Pa. LEXIS 2295, *18-19.

7.      Defendants John Doe 1-10 is, upon information and belief a domestic Pennsylvania business entity or entities that cannot currently be identified as the information is not in the possession of Plaintiff and is not a matter of public record, but will be expeditiously identified as a result of discovery responses.

8.      For identification purposes, Defendants John Doe 1-10 is/are the entity/entities that are currently incapable of being specifically identified but were retained and/or otherwise utilized to, at all relevant times, install, inspect, maintain, renovate, repair, monitor, oversee and supervise for safety purposes the gate located at the driveway utilized for the entrance and exit for the facility located at or near 1184 McClellandtown Road in McClellandtown, Pennsylvania.

9.      Upon information and belief, Defendants John Doe 1-10 regularly conduct business in Philadelphia County.

10.     To the extent Defendants John Doe 1-10 contend that it/they do/does not regularly

Case ID: 210300489

conduct business in Philadelphia County, they are nevertheless subject to venue in Philadelphia County due to the fact that at least one of its/their joint tortfeasors is subject to venue in Philadelphia County, pursuant to <u>Zappala v. Brandolini Prop. Mgmt.</u>, 589 Pa. 516, 531-532, 909 A.2d 1272, 1280-1281, 2006 Pa. LEXIS 2295, *18-19.

11.     At all relevant times hereto, all of the party-defendants, which are joint tortfeasors, were acting or, alternatively, failed to act by and through their agents, servants, workmen and employees, all of whom, in turn, were acting within the course and scope of their actual agency, ostensible agency, service and/or employment.

## II.
## FACTUAL BACKGROUND

12.     Plaintiffs incorporate by reference all of the above Paragraphs, as if set forth fully herein.

13.     On March 22, 2019, Plaintiff-decedent suffered catastrophic injuries to his head and body and ultimately succumbed that same day, only after enduring significant conscious pain and suffering, as a result of a dangerous gate that lowered onto his personal vehicle.

14.     Upon information and belief, all of the party-defendants were on notice of the dangerous conditions of the subject gate and despite this notice, negligently, grossly negligently, and recklessly failed to rectify, repair, renovate, and, *inter alia*, warn of this hazard at any time prior to the incident.

15.     Upon information and belief, prior to the incident on March 22, 2019 and during the time that the subject property was under the possession and/or control of the Veolia Defendants, the Veolia Defendants were responsible for the installation, inspection, maintenance, renovations, repair, monitoring, oversight, and supervision of the subject gate and, in addition, were placed on actual and/or constructive notice as to the dangerous condition of the subject gate.

Case ID: 210300489

16.     Upon information and belief, prior to the incident on March 22, 2019, Defendants John Doe 1-10 were responsible for the installation, inspection maintenance, renovations, repair, monitoring, oversight, and supervision of the subject gate and, in addition, were placed on actual and/or constructive notice as to the dangerous condition of the subject gate.

17.     Upon information and belief, prior to the incident on March 22, 2019 all of the party-defendants inspected the subject gate but, nevertheless, negligently, grossly negligently, and recklessly failed to take any reasonable responsive action.

18.     Upon information and belief, at some time prior to the incident on March 22, 2019, all of the party-defendants were on actual and/or constructive notice that subject gate posed a significant safety hazard to individuals and, nevertheless, failed to take any reasonable steps to remedy the significant safety hazard.

19.     On March 22, 2019, Plaintiff-decedent was required to work at the aforementioned premises and when he was exiting the premises in his vehicle, he was required to, and ultimately did encounter the subject gate.

20.     Unbeknownst to Plaintiff-decedent, at all relevant times herein, the gate lacked adequate safety measures, and represented a significant safety hazard.

21.     Accordingly, due to the dangerous condition of the gate which resulted from the negligence, gross negligence, and recklessness of all of the party defendants, jointly and severally, the gate lowered onto Plaintiff-decedent's vehicle and Plaintiff-decedent, in turn, received catastrophic injuries.

22.     After experiencing significant conscious pain and suffering, Plaintiff-decedent ultimately succumbed to his injuries and passed away that same day.

23.     Plaintiffs now seek, on behalf of the Estate of their deceased son, and all wrongful

Case ID: 210300489

death beneficiaries including themselves, all applicable survival damages, wrongful death damages, and punitive damages.

## COUNT I
## RECKLESSNESS/GROSS NEGLIGENCE/NEGLIGENCE
## AGAINST ALL CAPTIONED DEFENDANTS

24.     Plaintiffs incorporate by reference all of the above Paragraphs as if set forth fully herein.

25.     The party-defendants were, at all material times, jointly and severally responsible for the condition of the subject gate.

26.     At all material times, the party-defendants were responsible for ensuring the absence of safety hazards insofar as the gate that Plaintiff-decedent ultimately encountered on March 22, 2019

27.     At all material times that the subject property was in their possession, the Veolia Defendants were responsible for the installation, inspection, maintenance, renovations, repair, monitoring, oversight, and supervision of the subject gate and, in addition, were placed on actual and/or constructive notice as to the dangerous condition of the subject gate.

28.     At all material times, Defendants John Doe 1-10 were responsible for the installation, inspection, maintenance, renovation, repairing, monitoring, overseeing and supervision for safety purposes the subject gate and, in addition, were placed on actual and/or constructive notice as to the dangerous condition of the subject gate.

29.     The party-defendants owed a duty to those persons permitted to be in close proximity to the subject, including Plaintiff-decedent, a business invitee, as well as licensees and permissive users, to provide a safe environment, free from unreasonable and dangerous hazards including but not limited to the dangerous conditions associated with the subject gate.

30.     The party-defendants had a duty to adopt, promulgate and enforce proper, adequate,

Case ID: 210300489

necessary and appropriate standards, guidelines and procedures for the installation, establishment and maintenance of gate safety for the protection of individuals at or near the gate, including but not limited to Plaintiff-decedent.

31.    Prior to the March 22, 2019 incident, the party-defendants knew or should have known of the existence of the hazardous conditions associated with the subject gate; specifically, the unreasonably dangerous risk that the gate could lower onto vehicles thereby subjecting the occupants therein (including but not limited to Plaintiff-decedent) to an unreasonable risk of serious injury or death.

32.    At all material times, the party-defendants knew or should have known that a person being in close proximity to the dangerous gate posed a high risk of injury and death and essential precautions must be taken and safety diligence exercised at all times including but not limited to precautions designed to prevent or mitigate the risk associated with a gate lowering atop a vehicle, including the vehicle that Plaintiff-decedent was traveling in at the time of the incident.

33.    At all material times, the party-defendants had a duty to warn persons who would be at or near the subject gate and to safeguard business invitees, such as Plaintiff-decedent, as well as licensees and permissive users, from hazardous conditions posed by the dangerous gate.

34.    The party-defendants, by and through their actual agents, ostensible agents, servants, contractors, workmen and/or employees, breached the aforementioned duties and were reckless, grossly negligent, and negligent insofar as the safety of Plaintiff-decedent for reasons including, but not limited to, the following:

(a)    **Failing to properly install, inspect, maintain, renovate, repair, monitor, oversee, and supervise the subject gate in a manner that would make it reasonably safe and incapable of lowering and striking vehicles, including the vehicle being operated by Plaintiff-decedent;**

(b)    **Failing to ensure that the subject gate was reasonably safe and free**

9

Case ID: 210300489

from hazards at the time the property it was located upon was transferred to any third party, including but not limited to Plaintiff-decedent's employer;

(c)     Failing to ensure that the subject gate was not subject to or at risk of inadvertent rapid lowering in a manner that would strike vehicles, including the vehicle being operated by Plaintiff-decedent, thereby subjecting the occupants therein to injury and/or death;

(d)     Failing to eliminate, remove, replace, modify, safeguard and otherwise remedy the presence of any dangerous conditions associated with the subject gate;

(e)     Failing to properly and adequately inspect the subject gate and determine the existence the associated safety hazards,

(f)     Failing to adequately eliminate inadvertent gate lowering hazards; specifically, the dangerous conditions that manifested when the gate was encountered by Plaintiff-decedent on March 22, 2019;

(g)     Failing to properly plan and, thereafter, modify the subject gate so that it would not be prone to inadvertent rapid lowering thereby eliminating the considerable hazard associated with the gate that existed on and before March 22, 2019, including but not limited to when the subject property was owned and/or controlled by the Veolia Defendants;

(h)     Failing to place proper and reasonably adequate warning signs or other safety devices to restrict access and/or warn about the gate so as to prevent any individual, including Plaintiff-decedent, from encountering the dangerous gate;

(i)     Failing to properly supervise, manage, and control any installation, maintenance, repair, or renovation work being performed on the subject gate, so that it would properly involve identifying and thereafter addressing, mitigating, and/or eliminating any dangerous conditions associated with the subject gate;

(j)     Failing to hire competent employees, safety inspectors, contractors, subcontractors, advisors, managers, equipment providers and/or operators, material suppliers and others to assure the safe and proper installation, inspection, maintenance, renovations, repair, monitoring, oversight, and supervision of the subject gate;

(k)     Failing to prevent and/or restrict access to the dangerous gate in an

Case ID: 210300489

**adequate and prudent manner;**

(l)   **Failing to recommend frequent inspections of the gate to ensure that individuals, including Plaintiff-decedent were not being exposed to dangerous hazards associated with the inadvertent rapid lowering of the gate;**

(m)   **Failing to properly and adequately disclose to any potential or identified buyer of the subject property (including but not limited to Plaintiff-decedent's employer) the dangerous conditions associated with the subject gate;**

(n)   **Failing to properly rectify, mitigate, address, correct, and/or safeguard against the hazards associated with the subject gate prior to any transfer of the subject property to any potential or identified buyer of the subject property (including but not limited to Plaintiff-decedent's employer);** and

(o)   **Increasing the risk of harm to Plaintiff-decedent due to the conduct described in Paragraphs 34(a)-(n) above.**

35.   The negligence, gross negligence, and recklessness described above directly and proximately caused Plaintiff-decedent's catastrophic injuries and ultimate death, in that it or they directly and in natural and continuous sequence produced, contributed substantially or enhanced his injuries/death.

36.   In addition to being negligent, the actions of the party-defendants, as set forth above, constitute gross negligence, as well as recklessness and willful and wanton misconduct in disregard of the rights and safety of Plaintiff-decedent and warrant the imposition of punitive damages against all of the party-defendants.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, for compensatory damages, for wrongful death damages, for survival damages, for punitive damages and for costs in excess of $50,000.00 and such other relief as this Court deems just and for a trial by jury on all issues so triable as a matter of right.

Case ID: 210300489

## COUNT II
## WRONGFUL DEATH COUNT
## PLAINTIFFS v. ALL CAPTIONED DEFENDANTS

37.     Plaintiffs hereby incorporate by reference all of the above Paragraphs as if set forth fully at length herein.

38.     On or about March 22, 2019, Plaintiff-decedent died intestate, unmarried, and without any children.

39.     Plaintiffs, the parents of Plaintiff-decedent, were appointed Administrators of his Estate.

40.     As a direct and proximate result of the aforesaid conduct of the party-defendants, Plaintiffs and all lawful wrongful death intestate beneficiaries are entitled to recover damages pursuant to the Pennsylvania Wrongful Death Act, 42 Pa. Cons. Stat. Ann. §8301, and claims all damages compensable under the Act and interpretative caselaw including loss of consortium damages and Rettger damages.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, for compensatory damages, for wrongful death damages, for survival damages, for punitive damages and for costs in excess of $50,000.00 and such other relief as this Court deems just and for a trial by jury on all issues so triable as a matter of right.

## COUNT III
## SURVIVAL ACTION
## PLAINTIFFS v. ALL CAPTIONED DEFENDANTS

41.     Plaintiffs hereby incorporate by reference all of the above Paragraphs as if set forth fully at length herein.

42.     As a direct and proximate result of the aforesaid conduct of the party-defendants, Plaintiffs are entitled to recover damages pursuant to the Pennsylvania Survival Statute, 42 Pa.

Case ID: 210300489

Cons. Stat. Ann. §8302, and claims all such damages, including but not limited to any medical expenses, loss of earnings, loss of earning capacity, and conscious pain and suffering endured by Plaintiff-decedent.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, for compensatory damages, for wrongful death damages, for survival damages, for punitive damages and for costs in excess of $50,000.00 and such other relief as this Court deems just and for a trial by jury on all issues so triable as a matter of right.

Respectfully submitted,

**EISENBERG, ROTHWEILER,
WINKLER, EISENBERG & JECK, P.C.**


BY:    /s/ Nancy J. Winkler, Esquire
          NANCY J. WINKLER, ESQUIRE
          DANIEL J. SHERRY, JR., ESQUIRE
          Attorneys for Plaintiffs

DATE: March 4, 2021

Case ID: 210300489

Mar. 3. 2021  3:09PM                                                                No. 5105   P. 14

## VERIFICATION

I, Thomas Paul Kromer, the Plaintiff herein, hereby verify in both my individual and administratrix capacity that the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information and belief, and this statement is made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.


_____
Thomas Paul Kromer

Date:  3/4/2021

Case ID: 210300489