# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS PAUL KROMER and SANDRA KAY MORRIS, Both Individually and as the Administrators of the ESTATE OF ZACHARY KROMER, Deceased,<br>    *Plaintiffs*, | : : : : : : | |
| v. | : : | CIVIL ACTION<br>NO. 21-2454 |
| VEOLIA ES CHESTNUT VALLEY LANDFILL, INC., *et al.*,<br>    *Defendants*. | : : : | |

## ORDER

**AND NOW**, this 23rd day of February, 2022, upon consideration of Plaintiffs' Motion to Remand (ECF No. 14), it is hereby **ORDERED** as follows:

1. Plaintiffs' Motion to Remand (ECF No. 14) is DENIED;[1] and

---

[1] On or about March 4, 2021, Thomas Kromer and Sandra Morris, both individually and as the Administrators of the estate of their deceased son, Zachary Kromer ("Plaintiffs") filed suit in the Philadelphia Court of Common Pleas. The suit alleges that their son was killed when a dangerous, defective gate at the Chestnut Valley Landfill swung through his car's windshield. They name various responsible parties, including: Veolia North America, LLC; Veolia ES Chestnut Valley Landfill, Inc.; Veolia North America, LLC, d/b/a and/or Successor-in-Interest to Veolia ES Chestnut Valley Landfill, Inc.; Veolia ES Solid Waste of PA, Inc.; Veolia North America, LLC, d/b/a and/or Successor-in-Interest to Veolia ES Solid Waste of PA, Inc.; Veolia ES Solid Waste of PA, Inc. d/b/a and/or Successor-in-Interest to Veolia ES Chestnut Valley Landfill, Inc.; Chestnut Valley Landfill, LLC; Chestnut Valley Landfill, LLC, d/b/a and/or Successor-in-Interest to Veolia ES Chestnut Valley Landfill, Inc.; Onyx Chestnut Valley Landfill, Inc.; Chestnut Valley Landfill, LLC, d/b/a and/or Successor-in-Interest to Onyx Chestnut Valley Landfill, Inc.; Chestnut Valley Landfill, LLC, d/b/a and/or Successor-in-Interest to Veolia ES Solid Waste of PA, Inc.; and John Doe 1-10 ("Defendants").

On May 28, 2021, Defendants removed the present action to the Eastern District of Pennsylvania based on diversity jurisdiction and suggest that many of the entities named in Plaintiffs' Complaint are former names of the Chestnut Valley Landfill, LLC and cannot be considered for jurisdictional purposes. *See* Notice of Removal, ECF No. 1. On June 23, 2021, Plaintiffs filed the present, timely Motion to Remand (hereinafter "Motion") (ECF No. 14), arguing that Defendants have failed to put forth sufficient evidence to show that the allegedly defunct business entities, specifically Veolia ES Chestnut Valley Landfill, Inc. and Onyx Chestnut Valley Landfill, Inc., are either dissolved or nominal, and that at least some of the Defendants are citizens of Pennsylvania. Mot. 23-31. Defendants filed a Response in Opposition (hereinafter "Response") (ECF No. 18) on July 21, 2021, arguing that all but (2) of the named entities in the Complaint (Veolia North America, LLC and Chestnut Valley Landfill, LLC) are former names for

Chestnut Valley Landfill, LLC.  Response 11.  On January 25, 2022, this Court ordered Defendants to file proof of citizenship for both Veolia North America, LLC and Chestnut Valley Landfill, LLC (ECF No. 19), which Defendants supplied on January 28, 2022 and January 31, 2022 (ECF Nos. 20 & 21).  Plaintiff filed a response in opposition to these filings on February 9, 2022, directing the Court's attention to the Third Circuit's guidance on business dissolution, not name change, in *Johnson v. SmithKline Beechman Corp.*, 724 F.3d 337 (3d Cir. 2013).  On February 16, 2022, Defendants filed a Memorandum Response to Plaintiffs' filing (ECF No. 27), further disputing that remand would not be appropriate in the present instance.  Having reviewed all the information presented, the Court agrees with Defendants that diversity jurisdiction exists.

"Under 28 U.S.C. § 1447(c), a case may be remanded to state court on the basis of any defect other than lack of subject matter jurisdiction within thirty days after the filing of the notice of removal.'"  *Nele v. TJX Cos., Inc.*, No. 11-CV-07642, 2013 WL 3305269, at *2 (E.D. Pa. July 1, 2013) (internal citation and quotation marks omitted).  "[R]emoval statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand."  *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (internal citations and quotation marks omitted).  In resolving a motion to remand, the removing party bears the burden of proving that federal jurisdiction exists.  *Id*.

In support of removal, Defendants argue that many of the named Defendant entities are former names for the Chestnut Valley Landfill, LLC, and the appropriate parties that remain are not citizens of Pennsylvania.  Response 4-5.  To determine if Defendants are correct, the Court must consider the corporate history of all the named Defendants and any corporate name or jurisdictional changes thereto.

Before going deeply into this historical analysis, however, some background on Pennsylvania's laws surrounding corporations and LLCs must be considered.  Pennsylvania law recognizes that a domestic corporation may convert to a domestic LLC.  15 Pa.C.S.A. § 351.  In doing so, "[a]ll debts, obligations and other liabilities of the converting association continue as debts, obligations, and other liabilities of the converted association."  15 Pa.C.S.A. § 356(a)(3).  "A claim existing or an action or a proceeding pending by or against the converting association may be prosecuted to judgment as if the conversion had not taken place, and the name of the converted association may be substituted for the name of the converting association in any pending action or proceeding."  15 Pa.C.S.A. § 356(a)(6).

In addition to guiding how a corporation may convert to an LLC, Pennsylvania law also permits both corporations and LLCs to change their names.  *See* 15 Pa.C.S.A. § 1915(1); 15 Pa.C.S.A. § 8822.  When a corporation changes its name, "an action brought by or against the corporation under its former name shall not be abated for that reason."  15 Pa.C.S.A. § 1916(b).  The former business name, similar to a fictitious name, "has no stand-alone existence and no 'stake in the outcome of th[is] litigation' (or any litigation), thus making it a nominal party."  *Gentry v. Sikorsky Aircraft Corp.*, 383 F.Supp.3d 442, 453 (E.D. Pa. 2019) (citing *Bancorp, Inc. v. Yaron*, No. 14-CV-7159, 2015 WL 4876330, at *2 (E.D. Pa. Aug. 14, 2015)).  "As is relevant here, in scrutinizing removal and jurisdiction, courts must assess the citizenship of 'real and substantive parties to the controversy," and need not determine the citizenship of 'nominal or formal parties[.]'"  *Gentry*, 383 F.Supp.3d at 450 (citing *Johnson*, 724 F.3d at 358).

Another, separate example of a nominal party, one with no real interest in the litigation, is a "now-extinct corporation that has been entirely dissolved into another, surviving corporation."  *Bancorp,* 2015 WL 4876330, at *2.  Pennsylvania law also governs how corporations and unincorporated associations may undergo the process of dissolution.  *See* 15 Pa.C.S.A. § 1979.  Though Plaintiff continually reminds the Court of the Third Circuit's guidance in *Johnson* regarding nominal, dissolved parties, that case focused on the specific requirements for proper dissolution, not on business renaming.  724 F.3d at 358-360.  Plaintiff's reliance on such case confuses the issues presently before the Court and will not be considered

2. Within **ten (10) days** of the date of this Order, Plaintiffs shall file a response to Defendants' Motion to Transfer for Improper Venue or Inconvenient Forum (ECF No. 4).

BY THE COURT:

*/s/ C. Darnell Jones, II*
C. DARNELL JONES, II    J.

---

further for purposes of the present Motion. Rather, the relevant analysis must focus on Defendants' jurisdictional and business name history.

Here, CBF, Inc. was first developed as a Pennsylvania corporation on October 26, 1988. *See* Business Creation and Amendment History, attached to Response as Exhibit C (hereinafter "Ex. C") at 3-5. Because "a corporation is a citizen of its state of incorporation and principal its principal place of business[,]" CBF, Inc. was a citizen of Pennsylvania. *Gentry*, 383 F.Supp.3d at 450 (citing *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010)). Effective December 31, 2002, CBF, Inc. filed an Articles of Amendment to change the name of the corporation to Onyx Chestnut Valley Landfill, Inc. Ex. C at 6-7. On February 14, 2006, Onyx Chestnut Valley Landfill, Inc. changed its address, but the corporation remained a citizen of Pennsylvania. Ex. C at 8-98. As of July 1, 2006, Onyx Chestnut Valley Landfill, Inc. changed its name to Veolia ES Chestnut Valley Landfill, Inc. Ex. C at 10-11. Effective December 4, 2012, Veolia ES Chestnut Valley Landfill, Inc. changed its name to Advanced Disposal Services Chestnut Valley Landfill, Inc. Ex. C at 12-13. As of December 31, 2015, Advanced Disposal Services Chestnut Valley Landfill, Inc. became an LLC. Ex. C at 14-17. Because "the citizenship of an LLC is determined by the citizenship of its members[,]" Advanced Disposal Services Chestnut Valley Landfill, LLC became a citizen of North Carolina and Delaware. *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010). On December 3, 2020, Advanced Disposal Services Chestnut Valley Landfill, LLC changed its name to Chestnut Valley Landfill, LLC. *See* Change of Name Documentation, attached to Response as Exhibit D. Thus, Defendant Chestnut Valley Landfill, LLC is a citizen of North Carolina and Delaware. *See* Decl. of Melissa Bachhuber, ECF No. 20.

This only leaves Veolia North America, LLC as a remaining, viable defendant. Because Veolia North America, LLC is a citizen of Delaware, complete diversity exists. *See* Decl. of Whitney Fawcett, ECF No. 21. Accordingly, Plaintiffs' Motion to Remand must be denied.

.